IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KY C. QUAN,                                          *

     Plaintiff,                                   *

                                     Civil No. TDC-18-3397

v.                                                   *

TAB GHA F&B, INC. *et al.*,                          *

     Defendants.                                  *

              *    *    *    *    *    *

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff Ky C. Quan's ("Quan") "Second Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2) for Violation of Court Order" ("Motion") (ECF No. 60).[1] Having considered the submissions of the parties (ECF Nos. 60, 64 & 65), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, Quan's Motion will be granted in part and denied in part.

**I.      Background**

In a previous order dated November 25, 2020, the Court ordered Defendants TAB GHA F&B, Inc. ("TAB"), I.L. Creations of Maryland, Inc. ("ILC"), Steven Choi, and Matthew Yoo (collectively, the "Defendants") to produce complete, non-evasive responses to Quan's interrogatories and document production requests by December 9, 2020. ECF No. 55 at 11. The Court also ordered that Defendants were deemed to have waived all objections to Quan's interrogatories and document production requests. *Id.* In his Motion, Quan alleges that the

_____

[1] This case was referred to me for all discovery and related scheduling matters. ECF No. 51.

Defendants have violated the Court's order by failing to produce the required discovery. He argues

that the Court should issue sanctions against the Defendants pursuant to Fed. R. Civ. P. 37(b)(2).

## II.     Discussion

If a party violates an order compelling the production of discovery, Rule 37(b)(2)

empowers the Court to issue further orders sanctioning the party, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2).

"The Fourth Circuit has developed a four-part test for a district court to use when

determining what sanctions to impose under Rule 37." *Anderson v. Found. for Advancement, Educ.*

*& Emp. of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). In determining an appropriate sanction,

the court must consider "(1) whether the non-complying party acted in bad faith, (2) the amount

of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular

sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Id.*; *S.*

*States Rack & Fixture, Inc. v. Sherwin-Williams, Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The most

serious sanctions of dismissal and default judgment are reserved for "the most flagrant case[s],

where the party's noncompliance represents bad faith and callous disregard for the authority of the

district court and the Rules." *Mut. Fed. Savs. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d

88, 92 (4th Cir. 1989); *Anderson*, 155 F.3d at 505 (describing default judgment as "a last-resort

sanction"). Courts in the Fourth Circuit generally impose dispositive sanctions only after providing

a "clear and explicit" warning of the possibility of such a sanction to the noncompliant party. *DeLoatch v. Baywood Hotels, Inc.*, No. JKB-18-3811, 2020 WL 7230758, at *2 (D. Md. Dec. 8, 2020) (citing *Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 226 (4th Cir. 2019)).

### A.     TAB

Quan argues that the Court should enter default judgment against TAB. ECF No. 60-2 at 11. He notes that TAB has repeatedly refused to respond to his discovery requests and has violated the Court's order compelling the production of discovery. *Id.* at 11-12. He states that "TAB has not produced a single document or communication in this case"[2] and that the other defendants have "made it clear that they have not, cannot, and will not produce documents for TAB." *Id.* at 12. Because of TAB's discovery failures, Quan has been deprived not only of the discovery itself but also the ability to "schedule or take depositions and prosecute his claims for relief against all four Defendants." *Id.* at 13. Quan has "spent practically every moment in this case advocating" for Defendants to comply with their discovery obligations. *Id.*

After Quan filed the Motion, TAB served partial responses to Quan's discovery requests. ECF No. 64 at 5. Specifically, TAB produced its answers to Quan's interrogatories as part of its response to the Motion. ECF No. 64-4. TAB explains that the former president of TAB, Ken Choi, is the person with access to all of TAB's books and records, including TAB's email accounts.[3] ECF No. 64 at 5-6. But, for reasons that are not explained, Ken Choi "has chosen not to participate in this litigation." *Id.* at 6. TAB's answers to interrogatories were signed by Defendant Yoo, who provided the answers based partly on his personal knowledge and partly on his review of documents and public records. *Id.*

---

[2] This statement may not be accurate. TAB states that it produced a number of bank statements. ECF No. 64 at 5.

[3] Ken Choi still owns TAB. ECF No. 64 at 5.

Quan argues that TAB's belated interrogatory answers are inadequate for three reasons. First, he states that if Defendant Yoo was capable of signing interrogatory answers for TAB to be submitted in connection with the Defendants' response to the Motion, TAB could have submitted its discovery responses all along. ECF No. 65 at 6-7. Second, Quan fears that Defendant Yoo's "signature on behalf of TAB is conditional and insufficient to provide verification on behalf of TAB."[4] *Id.* at 7. Third, Quan states that TAB's interrogatory answers are "patently deficient." *Id.* According to Quan, TAB's interrogatory answers are either incomplete or evasive. *Id.* In addition, TAB has failed to produce responses to Quan's document production requests. ECF No. 64 at 8 ("Unfortunately, TAB cannot gain access to the documents [that] Plaintiff seeks.").

The Court finds that TAB has violated the Court's order dated November 25, 2020 (ECF No. 55). TAB was ordered to produce complete, non-evasive responses to Quan's interrogatories and document production requests. As set forth in Quan's reply (ECF No. 65 at 7), TAB's interrogatory answers are either incomplete or evasive. TAB's responses to several of the interrogatories only provide partial answers. Whether TAB's omission is due to evasiveness or inadvertence, it is a violation of the Court's order. TAB also violated the Court's order by failing to produce responses to Quan's document requests. Because TAB violated the Court's order compelling the production of discovery, sanctions are warranted under Rule 37(b)(2).

The Court now considers the factors laid out by the Fourth Circuit to determine whether default judgment is an appropriate sanction. As to the first factor, the Court finds that TAB violated the Court's order in bad faith. "Bad faith can be established by 'noncompliance [or] haphazard

---

[4] Under Rule 33(b)(1)(B), a corporation may designate "any officer or agent" to provide answers to interrogatories. *See* Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2172 (3d ed. 2015); *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 508 (4th Cir. 1977). It is not clear why Quan believes Defendant Yoo's signature is "conditional and insufficient." Under the circumstances, this is not a basis to impose sanctions under Rule 37(b)(2).

compliance . . . [with] discovery orders.'" *LeCompte v. Manekin Constr., LLC*, 573 B.R. 187, 195 (D. Md.), *aff'd,* 706 F. App'x 811 (4th Cir. 2017) (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.*, 872 F.2d 88, 93 (4th Cir. 1989)). In addition, "a party's failure to provide a satisfactory reason why its discovery responses were not timely" is further evidence of bad faith. *Id.* (internal quotation marks omitted). TAB states that it did not fully comply with the Court's order because "it has been handicapped by the lack of participation of the principals." ECF Nos. 64 at 7; 64-4 at 2 ("Ken Choi, who has access to all of the books and records, including access to TAB email accounts, has chosen not to participate in this litigation.") The failure of Ken Choi to participate in this case is not a satisfactory excuse for TAB's violation of the Court's order. Corporations may not flout discovery orders simply because their principals or owners do not wish to be bothered with litigation. Because TAB violated the Court's order without an adequate excuse, and in light of TAB's repeated refusal to comply with the rules governing discovery, the Court finds that TAB has acted in bad faith.

The second factor is the amount of prejudice TAB's violation caused Quan. TAB is the lead defendant in this case. Its responses to Quan's discovery requests are critical to Quan's ability to discover relevant information to prove his claims against TAB. TAB's violation has also prejudiced Quan in his ability to prove his claims against the other defendants. TAB's violation of the Court's order was not harmless, as the Defendants argue. The prejudice to Quan is significant.

The third factor is the need to deter future noncompliance with the Court's orders. Deterring parties from violating discovery orders like the one issued in this case is important. The Court spends countless hours resolving discovery disputes caused by parties and attorneys who either do not understand the Federal Rules of Civil Procedure or understand the rules and defy them anyway. When the Court orders a party to produce discovery responses, the Court and the

litigants should be able to depend on compliance with the order. Otherwise, a new round of briefing is required. This leads to more work for the parties and the Court, as well as additional delay and unnecessary expense. Litigants must be certain that they will be sanctioned if they violate discovery orders. TAB's violation of the Court's order in this case is serious; it is not simply a technical violation. TAB did not produce the discovery that the Court directed it to produce.  Future litigants must be deterred from engaging in similar misconduct.

With regard to the fourth factor, the Court considers what sanctions short of default judgment might be imposed to adequately address TAB's violation. Any such sanction must cure or minimize the prejudice to Quan and deter TAB and future litigants from violating the Court's order. The only effective sanction in this case is the entry of default judgment against TAB. TAB's principals or owners refuse to participate in this litigation. The Court specifically warned TAB of the sanctions that could be imposed if TAB violated the Court's order. ECF No. 55 at 3. TAB disputes Quan's contention that the agreement at issue in this case "provided him with an opportunity to change his mind and secure the return of his initial investment." ECF No. 64 at 8. TAB states that "[a]lmost all of the communications" likely to be relevant occurred between Quan and Ken Choi. But Ken Choi has chosen not to participate in this litigation and no one else has access to all of the responsive documents in TAB's possession. Even if "almost all" of the communications that are relevant are already in Quan's possession (because he was a party to them), this leaves an unknown number of communications that may be relevant to Quan's case. Allowing TAB to continue to defend itself would not be an effective sanction. Moreover, any lesser sanction would send a message to TAB and future litigants that the Court will not impose serious, dispositive sanctions on corporate litigants if their noncompliance was caused by a corporate principal or owner's unexplained choice not to participate in litigation. TAB does not

suggest any lesser sanction that would be effective; there is none. *See* Charles Alan Wright &

Arthur R. Miller, *Federal Practice and Procedure* § 2289 n.26 (3d ed. 2021) (collecting cases

where courts have entered default judgments for discovery violations).  For these reasons, a default

judgment as to liability should be entered against TAB. I will submit a separate report and

recommendation to this effect.[5]

> **B.      ILC, Steven Choi, and Matthew Yoo**

Quan argues that he is entitled to sanctions against ILC, Steven Choi, and Matthew Yoo

for their violation of the Court's previous discovery order. Because I do not find that ILC, Steven

Choi, and Matthew Yoo violated the previous order, Quan is not entitled to sanctions against these

defendants. In their response to Quan's Motion, ILC, Steven Choi, and Matthew Yoo confirm that

they have produced all documents responsive to Quan's document requests and that no responsive

documents have been withheld.[6] ECF No. 64 at 3-5. ILC, Steven Choi, and Matthew Yoo also

state that while they included general objections in their supplemental discovery responses, the

inclusion of these objections was inadvertent and no documents have been withheld.

Quan does not believe that ILC, Steven Choi, and Matthew Yoo have produced all

responsive documents. Specifically, he thinks that Steven Choi and Matthew Yoo are likely

withholding "communications related to payments or distributions received" from ILC. But he

---

[5] I will also recommend that the Court refer the matter of damages to me for another report and recommendation. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990) (explaining that when a default judgment is entered as a Rule 37(b) sanction, "a party has no right to jury trial under either Fed. R. Civ. P. 55(b)(2), which authorizes a district court to hold an evidentiary hearing to determine the amount of damages, or the Seventh Amendment"); *Clark v. Britt*, No. 1:18CV493, 2021 WL 681239, at \*14-15 (M.D.N.C. Feb. 22, 2021).

[6] Steven Choi and Matthew Yoo offer to produce additional documents (copies of checks received from ILC's bank that are reflected on statements already produced to Quan). ECF No. 64 at 4-5. If Quan believes these checks should be produced, he should request that the Defendants produce them.

submits no evidence in support of this argument. Without a colorable showing that the Defendants have actually withheld responsive discovery, the Court cannot find that they have violated the Court's previous order.

Quan also complains that the Defendants have not properly responded to Request for Admission No. 25. Although counsel for the Defendants sent an email to Quan's counsel on November 4, 2020, stating "Request for Admission No. 25 is admitted," Quan believes more is required. Specifically, Quan argues that the Defendants must "supplement" their admission of Request for Admission No. 25, "and do so under oath." ECF No. 65 at 8. Unlike Rule 33(b)(3), Rule 36 does not require that answers to requests for admission be made under oath. *See, e.g.*, *Nicholson v. Gulino*, No. 19-446 KWR/KK, 2020 WL 6888271, at *4 (D.N.M. Nov. 24, 2020); *Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *5 (E.D.N.C. Feb. 25, 2008). Rule 36 only requires that responses be "signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3); 7 Moore's Federal Practice - Civil § 36.11 (2021); Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2259 (3d ed. 2021). To the extent that Quan believed an email from the Defendants' attorney stating "Request for Admission No. 25 is admitted" was insufficient to comply with Rule 36's signing requirement, Quan should have asked the Defendants to provide their answer to Request for Admission No. 25 in a format that complies with Rule 26(g). Quan's first resort should not have been to bring the matter to the Court for resolution. In any event, the Court will deem Request for Admission No. 25 to be admitted as to the Defendants. But the Defendants' answer to Request for Admission No. 25 is not a basis to impose sanctions under Rule 37.

**C.      Attorney's Fees**

Quan requests an award of costs to reimburse him for the expenses he incurred in connection with the Motion. Although I recommend that Quan's Motion be granted to the extent that he seeks the entry of default judgment against TAB, his Motion has otherwise been denied. In addition, Quan's arguments regarding ILC, Steven Choi, and Matthew Yoo's noncompliance with the discovery order and Rule 36 are sufficiently insubstantial and unsupported to warrant the denial of Quan's request for an award of expenses for the entirety of the Motion. Because an award of expenses would be unjust, Quan's request is denied. *See Rachel-Smith v. FTData, Inc.*, 247 F. Supp. 2d 734, 739 (D. Md. 2003).

**III.    Conclusion**

For the reasons set forth above, Quan's Motion (ECF No. 60) is granted in part and denied in part. Because I recommend that default judgment be entered against TAB as a sanction for its discovery violations, I will submit a separate report and recommendation on this issue. Otherwise, the Motion is denied.


April 26, 2021                                                              /s/
Date                                                    Timothy J. Sullivan
                                                        United States Magistrate Judge