IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KY C. QUAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TDC-18-3397 |
| TAB GHA F&B, INC. *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

On May 13, 2021, the Court entered default judgment against Defendant TAB GHA F&B, Inc. ("TAB") as to liability as a sanction for its violation of the Court's previous discovery order. ECF No. 71. This matter has been referred to me for a "Report and Recommendation as to damages for purposes of the default judgment." *Id.* at 2. The Court has considered the Plaintiff's "Motion for Default Judgment as to Damages Against Defendant TAB GHA F & B, Inc." (ECF Nos. 73 & 74). No response to the Plaintiff's submission has been filed. For the following reasons, I recommend that the Court award default judgment in favor of Plaintiff and against TAB in the amount of $750,000, plus pre- and post-judgment interest.

**I.      Background**

This lawsuit arises from Plaintiff's financial investment in a Korean fast-casual restaurant chain. *See* ECF No. 24 at 2. The Court previously summarized the allegations of the Amended Complaint in a Memorandum Opinion dated January 23, 2020 (ECF No. 40). In short, Plaintiff agreed to invest $1,000,000 in TAB, which operated the "B | BOP | Q" restaurant chain. Plaintiff made this investment in reliance on the Defendants' favorable representations regarding the restaurant chain's financial position and expansion plans. The terms of Plaintiff's investment are

contained in a Stock Purchase and Interim Stockholders' Agreement ("Agreement"), which was executed by Plaintiff, TAB, and TAB's shareholders (Ken Choi, Eunice Choi, and Christine Choi). The Agreement required Plaintiff to make two payments of $500,000 to TAB in exchange for a total five percent equity interest in TAB. The Agreement allowed for Plaintiff to terminate the Agreement and receive a full refund of his investment under certain circumstances.

Plaintiff made his first payment of $500,000 to TAB on December 18, 2015. In return, Plaintiff received a scanned copy of a stock certificate but not the original. On February 28, 2016, the day before Plaintiff's second payment was due, Plaintiff sent written notice to TAB that he was terminating the Agreement. Plaintiff alleges that TAB never returned his $500,000 investment despite its contractual obligation to do so. This lawsuit followed.

Plaintiff's Amended Complaint asserts three claims against TAB: breach of contract (Count I), fraudulent inducement (Count IV), and fraudulent misrepresentation (Count V).[1] As a result of TAB's violations of the Court's discovery orders, the Court entered default judgment against TAB on May 13, 2021. ECF No. 71. The Court must now determine an appropriate award of damages against TAB.

## II.  Damages on Default Judgment

Under Fed. R. Civ. P. 55(b)(2), if the Court determines that default judgment as to liability is appropriate, the Court must then determine the appropriate amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations regarding damages as true, but rather must make an independent

---

[1] The Court previously dismissed Plaintiff's claim against TAB for unjust enrichment. ECF No. 40 at 12.

determination regarding such allegations. *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012)

A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages, however; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

### A. $500,000 Installment Payment

Plaintiff argues that he is entitled to $500,000 in compensatory damages for the installment payment that he made to TAB that was not returned when he terminated the Agreement. ECF No. 74 at 5. Accepting the well-pleaded allegations of the Amended Complaint as true, and because default judgment as to liability has been entered against TAB, I find that Plaintiff is entitled to an award of $500,000 for TAB's breach of the Agreement. I recommend that the Court award compensatory damages to Plaintiff in the amount of $500,000.

### B. Prejudgment Interest

Applying Maryland law, Plaintiff argues that he is entitled to an award of prejudgment interest calculated at a rate of six percent, compounded annually, and accruing as of March 28, 2016 (one month after the date Plaintiff terminated the Agreement). ECF No. 74 at 5-7.

In a case based on diversity jurisdiction, prejudgment interest is a matter of state law. *Metromont Corp. v. Allan Myers, L.P.*, No. DKC-18-3928, 2021 WL 3367772, at *13 (D. Md.

Aug. 3, 2021) (citing *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999)). In Maryland, there are three basic rules governing the allowance of prejudgment interest. *Harford Cty. v. Saks Fifth Ave. Distrib. Co.*, 399 Md. 73 (2007) (quoting *Buxton v. Buxton*, 363 Md. 634, 770 A.2d 152, 165 (2001)). They are:

> 1. Prejudgment interest *must* be granted where "the obligation to pay and the amount due" were "certain, definite, and liquidated by a specific date prior to judgment." *Buxton*, 770 A.2d at 165 (quoting *First Va. Bank v. Settles*, 322 Md. 555, 588 A.2d 803, 807 (1991)). Interest accrues from when "payment was due." *I. W. Berman Props. v. Porter Bros.*, 276 Md. 1, 344 A.2d 65, 75–76 (1975) (quoting *Affiliated Distillers Brands Corp. v. R. W. L. Wine & Liquor Co.*, 213 Md. 509, 132 A.2d 582, 586 (1957)).
>
> 2. Prejudgment interest *may not* be granted "in tort cases where the recovery is for bodily harm, emotional distress, or similar intangible elements of damage not easily susceptible of precise measurement." *Buxton*, 770 A.2d at 165.
>
> 3. Prejudgment interest *may* be granted, but is not required, in the remaining "broad category of contract cases." *Id.* In this catchall category, which is the default for contract cases, *Harford Cty.*, 923 A.2d at 13–14 (citing *Ver Brycke v. Ver Brycke*, 379 Md. 669, 843 A.2d 758, 777 (2004)), whether to order prejudgment interest "is within the discretion of the trier of fact," *Buxton*, 770 A.2d at 165.
>
> Courts must determine whether a contract case falls under the first or third category based on their level of certainty as to the existence, amount, and due date of an obligation to pay. The rationale is that, where such certainty exists, "the effect of the debtor's withholding payment [is] to deprive the creditor of the use of a fixed amount as of a known date," and mandatory prejudgment interest is meant to rectify the situation. *Buxton*, 770 A.2d at 165 (quoting *Settles*, 588 A.2d at 807). Where the impact of withholding payment is less certain, the trier of fact has discretion to award prejudgment interest as appropriate to the unique circumstances of the case. *E.g.*, *Crystal*, 614 A.2d at 573.

*Parkway 1046, LLC v. U. S. Home Corp.*, 961 F.3d 301, 311–12 (4th Cir. 2020) (footnotes omitted).

Plaintiff does not argue that this is a case where the Court must grant prejudgment interest. Instead, he argues that an award of prejudgment interest is warranted for reasons of equity and justice. ECF No. 74 at 6. Plaintiff notes that he has "waited over five years since his original

4

demand for reimbursement, and as a result, has been denied the beneficial use of his $500,000.00 installment payment," for which he has received no equity rights or other benefit. *Id.* In addition, Plaintiff states that he has incurred attorney's fees in connection with his efforts to obtain a default judgment against TAB. *Id.*

An award of prejudgment interest is warranted in this case. Prejudgment interest will partially compensate Plaintiff for the return on his investment that TAB's breach of the Agreement has deprived him. Plaintiff's argument on this point is persuasive and TAB has not opposed Plaintiff's request for an award of prejudgment interest. Where, as here, a contract does not specify a rate of interest, prejudgment interest is "calculated at the legal rate of six percent per annum." *Wickersham Constr. & Eng'g, Inc. v. Town of Sudlersville, Maryland*, No. CV CCB-16-4087, 2020 WL 5642106, at *15 (D. Md. Sept. 22, 2020) (quoting *Harford Cty. v. Saks Fifth Ave. Distribution Co.*, 399 Md. 73, 96 (2007)). I recommend that the Court award prejudgment interest to Plaintiff against TAB at the rate of rate of six percent, compounded annually, and accruing as of March 28, 2016, on Plaintiff's $500,000 compensatory damages award.

### C.   Punitive Damages

Plaintiff seeks an award of $500,000 in punitive damages against TAB. ECF No. 74 at 7. He argues that, accepting the well-pleaded allegations of the Amended Complaint as true, the Court must find that "TAB both fraudulently induced Mr. Quan to enter into the investment agreement and also fraudulently misrepresented various material facts." *Id.*

"Punitive damages are available under Maryland law in tort actions to punish a defendant 'for egregiously bad conduct toward the plaintiff, [and] also to deter the defendant and others contemplating similar behavior.'" *Allen v. Kavasko Corp.*, No. WMN-15-1839, 2015 WL 8757799, at *1–2 (D. Md. Dec. 15, 2015) (quoting *Bowden v. Caldor, Inc.*, 350 Md. 4, 22, 710

(1998)). A plaintiff may only be awarded punitive damages if there is a showing of actual malice. *Montgomery Ward v. Wilson*, 339 Md. 701, 730 (1995) (equating "actual malice" to a party's "intent to injure, ill will or spite, evil motive, fraud, or knowing wrongdoing"). When there is clear and convincing evidence of a defendant's actual malice, the Court has discretion to award punitive damages. *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 630 (D. Md. 2003) (citing *Owens–Illinois v. Zenobia*, 325 Md. 420, 454, 460 (1992) ("[P]unitive damages are awarded in an attempt to punish a defendant whose conduct is characterized by evil motive, intent to injure, or fraud, and to warn others contemplating similar conduct of the serious risk of monetary liability.")). In exercising this discretion, the Court is guided by several factors, including "the minimum amount of damages that will deter the defendant and others from similar misconduct, the proportion of punitive damages to compensatory damages, and the financial circumstances of the defendant." *Id.* (citing *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 771-72 (2000)); *Ellerin v. Fairfax Sav., F.S.B.*, 337 Md. 216, 242 (1995) (explaining that punitive damages must relate to a defendant's degree of culpability and ability to pay). Punitive damages must bear a reasonable relationship to compensatory damages. *Bowden*, 350 Md. at 38; *Ellerin*, 337 Md. at 242 ("[P]unitive damage awards must not be disproportionate to the gravity of the defendant's wrong.").

      Plaintiff argues that punitive damages are warranted "for the many instances of TAB's fraud, which were committed with actual, malicious intent." ECF No. 74 at 8. To show that there is clear and convincing evidence of TAB's actual malice, Plaintiff points to the allegations in his Amended Complaint and the declaration that he submitted in connection with the memorandum regarding damages (ECF No. 74-1).

Plaintiff has shown by clear and convincing evidence that TAB acted with actual malice in connection with his claims for breach of contract, fraudulent inducement, and fraudulent misrepresentation. Plaintiff has presented uncontroverted evidence that TAB, acting through its officers, employees, and owners, misrepresented its financial state in an effort to lure Plaintiff's investment. *See* ECF Nos. 24 ¶¶ 21, 23, 85-92, 96; 74-1 at 5-7, 14. By misrepresenting that TAB was a financially solvent enterprise with fully-funded expansion plans, TAB induced Plaintiff to invest money in a fraudulent scheme. ECF No. 74-1 at 14. In addition, once Plaintiff terminated the Agreement and demanded the return of his $500,000 investment, TAB misled Plaintiff, telling him that it "just needed more time" to return Plaintiff's investment. *Id.* at 9. TAB acted with actual malice in inducing Plaintiff "into continued negotiations over repayment" that it never intended to honor. *Id.* at 14. For these reasons, and for those reasons set forth in Plaintiff's Amended Complaint and the Declaration of Ky C. Quan, I find that Plaintiff has established by clear and convincing evidence that TAB acted with actual malice. Punitive damages are warranted.

I find that a punitive damages award of $250,000 is appropriate. It appears that TAB's investment scheme was fraudulent from the outset. At all times relevant to Plaintiff's claims, TAB knew that it would not expand its operations to California and Hawaii. In addition, despite telling Plaintiff otherwise, TAB knew that its expansion plans were not fully funded. When Plaintiff terminated the Agreement and TAB implored Plaintiff to continue to negotiate over the timing of the return of his investment, TAB knew that it was not going to return Plaintiff's money. At the same time, as far as the Court is aware, Plaintiff was the only victim of TAB's fraudulent scheme and there is no evidence that TAB has engaged in other, similar schemes. Considering the dual purposes of punitive damages awards—to punish the defendant and to deter the defendant and others from engaging in similar misconduct in the future—an award of $500,000 would be

excessive. Although the Court has no information about the current financial position of TAB, a $250,000 punitive damages award is sufficient to punish TAB for defrauding Plaintiff and to deter TAB and others from engaging in similar future misconduct. Plaintiff made a risky investment when he entered into the Agreement. But he has presented convincing evidence that he only made this investment because of TAB's fraudulent statements. TAB has made no effort to convince the Court that a lesser award of punitive damages is warranted.

I find that a punitive damages award of $250,000 bears a reasonable relationship to the amount of compensatory damages and is sufficient to satisfy the policy goals underlying punitive damages awards. *See Gallman v. Sovereign Equity Grp., Inc.*, No. AW-11-2750, 2012 WL 1820556, at *7 (D. Md. May 15, 2012) (awarding $100,000 in punitive damages on default judgment in a fraudulently-induced-investment case where compensatory damages totaled about $250,000).

### III. Conclusion

For these reasons, I recommend that Plaintiff's Motion (ECF No. 73) be granted in part and denied in part. I recommend that the Court order as follows:

1. Grant in part and deny in part Plaintiff's "Motion for Default Judgment as to Damages Against Defendant TAB GHA F & B, Inc." (ECF No. 73);

2. Enter judgment by default against Defendant TAB GHA F&B, Inc. and in favor of Plaintiff Ky C. Quan;

3. Award Plaintiff Ky C. Quan damages against Defendant TAB GHA F&B, Inc. in the amount of $750,000, which includes:

      A.      Compensatory damages in the amount of $500,000, plus prejudgment interest at the rate of six percent, compounded annually, and accruing of March 28, 2016 and continuing until the date the Court enters its judgment;

      B.      Punitive damages in the amount of $250,000; and

      C.      Post-judgment interest at the legal rate until the judgment is fully paid.

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).


<u>September 10, 2021</u>                            <u>     /s/               </u>
Date                                            Timothy J. Sullivan
                                                   United States Magistrate Judge